UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RACHEL ANGULO,

        Plaintiff,                                     Case No. 1:23-cv-11820

v.                                                     Honorable Thomas L. Ludington
                                                               United States District Judge

SERENDIPITY DAY SPA, LLC,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFNEDANT'S MOTION TO SET ASIDE DEFAULT, SETTING ASIDE DEFAULT, AND DIRECTING DEFENDANT TO FILE ANSWER**

In July 2023, Plaintiff Rachel Angulo sued her former employer, Defendant Serendipity Day Spa, LLC, alleging Defendant's termination of her employment was retaliatory in violation of the Fair Labor Standards Act. On November 2, 2023, default was entered in the above-captioned case because Defendant had not filed an answer or other pleading responsive to Plaintiff's Complaint. Two weeks later, Defendant filed a motion to set aside the clerk's entry of default, explaining it made an "honest mistake" in not timely filing its answer, based on a misunderstanding of an extension Defense Counsel received from Plaintiff Counsel after an off-the-record conversation. Because Defendant's conduct was not culpable, Defendant presented meritorious defenses, and Plaintiff would not be prejudiced, Defendant's Motion will be granted and the clerk's entry of default will be set aside.

I.

On July 27, 2023, Plaintiff Rachel Angulo sued her former employer, Defendant Serendipity Day Spa, LLC—a day spa in Frankenmuth, Michigan—alleging Defendant retaliated

against her in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a)(3), by terminating her employment after she complained about docked pay. ECF No.1.

A summons was issued for Defendant the same day, ECF No. 2, and Defendant was personally served on August 7, 2023 at 5:30 PM EDT. ECF No. 3 at PageID.18. But Defendant did not file a responsive pleading and Plaintiff took no further action. So, on September 13, 2023, this Court directed Plaintiff to show cause, by September 27, 2023, why the above-captioned case should not be dismissed for failure to prosecute. ECF No. 4; *see also* E.D. Mich. LR 41.2.

Plaintiff responded the next day that the case should not be dismissed for failure to prosecute because Plaintiff's Counsel agreed to Defense Counsel's request to extend its answer deadline to September 28, 2023. ECF No. 5 at PageID.21. Notably, Defendant did not file a motion seeking such relief, and this Court was not aware of Defendant's "request." On the contrary, it appears Defense Counsel asked Plaintiff Counsel for this extension verbally when the two met in state court for an unrelated proceeding. ECF No. 8 at PageID.25. Regardless, satisfied with Plaintiff's response, this Court did not dismiss the above-captioned case for failure to prosecute.

However, Defendant did not file an answer by September 28, 2023. So, on October 16, 2023, Plaintiff requested a Clerk's Entry of Default, ECF No. 6, which was granted later that day, ECF No. 7.

Three weeks later—on November 2, 2023—Defendant filed its first pleading on the record: a motion to set aside the clerk's entry of default. ECF No. 8. Defendant explains that on August 22, 2023, the Parties agreed that Defendant would have an additional *sixty* days to file its answer, such that Defendant's answer deadline was October 22, 2023, rather than September 28, 2023.[1] ECF No. 8 at PageID.25. In accordance with its understanding, Defendant avers it attempted to

---

[1] Notably, September 28, 2023 was a Thursday and October 22, 2023 was a Sunday.

file an answer on October 18, 2023 but learned that the default had already been entered, so nothing was filed that day. *Id.* at PageID.26; *see also* ECF No. 8-2 at PageID.33-37.

This Court directed Plaintiff to respond to Defendant's Motion to Set Aside Default, ECF No. 8, by December 4, 2023. ECF No. 9. Plaintiff responded accordingly and provided emails between Counsel which support her claim. ECF No. 10. On September 14, 2023, Plaintiff's Counsel emailed Defense Counsel to confirm that Plaintiff's Counsel "gave" Defense Counsel "an extension to answer Plaintiff's complaint." ECF No. 10-2 at PageID.47. However, the email does not reflect that the extension was for 60 days. To the contrary, Plaintiff's Counsel asked Defense Counsel to "[k]indly advise as to when [Defense Counsel] anticipate[d] [Defendant] w[ould] file [its] answer." *Id.* Defense Counsel responded that he would file the answer by September 28, 2023. *Id.* ("I anticipate having it out in 14 days[.]"). Thus, Plaintiff argues, the default should not be set aside.

## II.

Courts "may set aside an entry of default for good cause[.]" FED. R. CIV. P. 55(c). In assessing whether the movant has shown good cause, courts consider whether (1) culpable conduct of the defendant caused the default; (2) whether the defendant has meritorious defenses; and (3) whether the plaintiff will be prejudiced by a set-aside. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992); *see also Kuhnmuench v. LivaNova PLC*, 323 F.R.D. 563, 565 (E.D. Mich. 2017). Although all three factors must be considered, the most important two are prejudice to the plaintiff and presence of a meritorious defense. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324–25 (6th Cir. 2010) (noting "when a defendant has a meritorious defense and the plaintiff would not be prejudiced, it is an abuse of discretion for a district court to

deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead" (internal quotations omitted))).

Notably, courts apply an "extremely forgiving" lens when analyzing motions to set aside default entries, as the Sixth Circuit has a strong preference for "resolving cases on the merits instead of on the basis of procedural missteps." *Id.* at 322 (collecting cases); *see also Dassault Systemes, SA v. Childress,* 663 F.3d 832, 841 (6th Cir. 2011).

### III.

Although the emails between the Parties suggest Defendant's extended answer deadline was September 28, 2023 and not October 22, 2023, Defendant has nevertheless shown good cause to set aside the clerk's entry of default.

### A. Culpable Conduct

First, Defendant's conduct causing the default entry was not culpable. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986); *see also Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996). Defendant demonstrated no such intent or reckless disregard. Instead, Defendant claims to have made "honest mistake" because it "misunderstood" the Parties' verbally agreed-upon extension, such that Defendant believed it had until October 22, 2023 to answer Plaintiff's Complaint when Plaintiff believed it only had until September 28, 2023. *See* ECF No. 8 at PageID.28. Notably, Defendant's claims are somewhat undercut by Defense Counsel's September 14, 2023 email to Plaintiff Counsel anticipating that Defendant would answer Plaintiff's Complaint within fourteen days—by September 28. ECF No. 10-2 at PageID.47. And Defendant has not explained why it waited to attempt to file an answer until October 18,

2023—twenty days after this anticipated date. But though Defendant's conduct may have been careless or even negligent, such conduct is not "culpable" for the purposes of Rule 55(c). *See United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324–25 (6th Cir. 2010) ("[M]ere negligence or failure to act reasonably is not enough to sustain a default."). The first factor weighs in favor of a set-aside.[2]

### B. Meritorious Defenses

Second, Defendant has demonstrated meritorious defenses. For the purposes of setting aside a clerk's entry of default, the defendant need not show a likelihood of success on the merits. *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). Instead, the defendant need only show at least one defense is "good at law" or contains "even a hint of a suggestion which, proven at trial, would constitute a complete defense." *Id.* (internal quotations omitted); *see also Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 434 (6th Cir. 1996). The "key consideration" is whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *INVST*, 815 F.2d at 399 (internal quotations omitted).

Defendant has met this minimal standard. Plaintiff alleges Defendant violated the FLSA by terminating her employment on June 6, 2023 solely to retaliate against her for her earlier complaint that Defendant was "illegally docking two whole days of [her] pay." ECF No. 1 at

---

[2] Notably, Plaintiff does not argue otherwise. Plaintiff did not address *any* good-cause factor in her response to Defendant's Motion to Set Aside Default. *See* ECF No. 10. Instead, Plaintiff argues—without citation—that "one cannot reach the . . . elements of the analysis" because "Defendant has failed to . . . provide an adequate explanation for any 'honest mistake' it believes occurred." ECF No. 10 at PageID.42. But this Court must analyze all good-cause factors when deciding a motion to set aside a clerk's entry of default. *See United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324–25 (6th Cir. 2010); *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992); *Kuhnmuench v. LivaNova PLC*, 323 F.R.D. 563, 565 (E.D. Mich. 2017). There is no separate "adequate explanation" threshold.

PageID.8. But Defendant's yet unfiled answer, which it attached to its Motion to Set Aside, argues that it fired Plaintiff because she (1) was a poor manager; (2) was dismissive of other employee's schedules; (3) revealed confidential information; and (4) was confrontational with coworkers in front of customers. *See* ECF No. 8 at PageID.27–28; *see also* ECF No. 8-2 at PageID.35. Further, Defendant argues that "Plaintiff's pay was properly docked under the laws and the employee handbook and terms and conditions of employment." ECF No. 8 at PageID.28; *see also* ECF No. 8-2 at PageID.34.

Under the applicable *McDonnell Douglas* burden-shifting framework, Plaintiff must first establish a prima facie case of retaliation in violation of the FLSA by showing the following four elements:

> (1) he or she engaged in a protected activity under the FLSA;
> (2) his or her exercise of this right was known by the employer;
> (3) thereafter, the employer took an employment action adverse to her; and
> (4) there was a causal connection between the protected activity and the adverse employment action.

*Caudle v. Hard Drive Express, Inc.*, 91 F.4th 1233, 1237–38 (6th Cir. 2024) (quoting *Adair v. Charter County of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006)). If Plaintiff establishes her prima facie case, the burden then shifts to Defendant to show a legitimate, non-discriminatory reason for the challenged adverse-employment action. *Id.* at 1238. Once Defendant sets forth a non-discriminatory rationale, Plaintiff has the burden of proving "[D]efendant's proffered reasons were pretextual." *Id.* At this early stage, Defendant's proffered non-discriminatory reasons for Plaintiff's termination are "good at law" because, unless proven pretextual by Plaintiff, each would be "a complete defense" to Plaintiff's FLSA retaliation claim. Accordingly, the second "good cause" factor favors setting aside the Clerk's Entry of Default, ECF No. 7.

### C. Prejudice to Plaintiff

Lastly, setting aside the Clerk's Entry of Default would not prejudice Plaintiff. Although setting aside a clerk's entry of default may delay proceedings, "delay alone is not a sufficient basis for establishing prejudice." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (internal quotations omitted). On the contrary, to enforce a clerk's entry of default on the basis of prejudice, "it must be shown that" evidence will be lost, discovery will become more difficult, or the likelihood of fraud and collusion would increase. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011). Plaintiff has not even attempted to make such showing. *See* ECF No. 10. Nor could she. Discovery has not yet begun in the above-captioned case and the record lacks any suggestion that setting aside the Clerk's Entry of Default risks fraud or collusion. Accordingly, the third "good cause" factor favors a set-aside.

In sum, Defendant has shown good cause under Civil Rule 55(c) to set aside the Clerk's Entry of Default, ECF No. 7, because its conduct was not culpable, it presented meritorious defenses, and Plaintiff would not be prejudiced. So, Defendant's Motion will be granted and the entry of default will be set aside. However, as a word of caution, verbal out-of-court agreements between Parties which affect the Scheduling Order—set and amended by this Court—are not recommended. Parties can file stipulations, proposed orders, and motions to adjourn the Scheduling Order at any time.

### IV.

Accordingly, it is **ORDERED** that Defendant's Motion to Set Aside Default, ECF No. 8, is **GRANTED.**

Further, it is **ORDERED** that the Clerk's Entry of Default, ECF No. 7, is **SET ASIDE.**

Further, it is **ORDERED** that Defendant is **DIRECTED** to file its Answer to Plaintiff's Complaint, ECF No. 8-2, **on or before May 1, 2024.**

**This is not a final order and does not close the above-captioned case.**

Dated: April 24, 2024                              s/Thomas L. Ludington
                                                                    THOMAS L. LUDINGTON
                                                                    United States District Judge