**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

RACHEL ANGULO,

    *Plaintiff*,

v.

SERENDIPITY DAY SPA, LLC,

    *Defendant*.

                              /

Case No. 1:23-cv-11820

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**ORDER REGARDING DEFENDANT'S BILL OF COSTS**
**AND PLAINTIFF'S OBJECTION TO THE BILL OF COSTS**
**(ECF Nos. 23 AND 24)**

## I.    INTRODUCTION

On October 9, 2024, oral argument was held on Defendant's motion to compel. (ECF No. 18.)  The motion was granted in part and denied in part. It was noted that Plaintiff had not filed any response to the motion (and that the motion could be fully granted on that ground alone) but that Plaintiff's counsel had participated in the joint statement of resolved and unresolved issues that is due before every discovery motion hearing. In addition, it was noted that defense counsel was willing to discuss potential substantive resolution of the issues despite Plaintiff's counsel's failure to file a response.

1

The motion was granted as to unresolved issue number 3, the remaining issues were resolved by the parties during oral argument. (ECF No. 22.) The motion was not denied on any substantive grounds.

The Court also granted Defendant's request for payment of expenses thus defense counsel submitted a bill of costs per the Court's Order. (ECF No. 22, 23.) Plaintiff filed objections to the bill of costs, asking for reconsideration of the Court's Order granting costs (ECF No. 22) and objecting to the amount contained in Defense counsel's bill of costs. (ECF No. 24.)

To the extent that Plaintiff is asking for reconsideration of the Court's Order imposing sanctions, I note that Plaintiff has not filed such a motion but instead simply added language into the objections to the bill of costs. (ECF No. 24.) However, even if the court were to construe this language as a motion for reconsideration, the motion would be denied. Counsel makes much of the fact that the motion to compel was not granted in full, but, as noted above, the motion was only granted in part because the parties has come to a satisfactory resolution of some of the issues while in court. The motion was not denied on any substantive grounds. "Rule 59 motions to reconsider are granted in three circumstances: (1) to correct an error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice." *Doran v. Joy Global, Inc.*, 2016 WL 7799598, at *2 (E.D. Tenn. August

2

9, 2016), citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). In addition, our local rules provide that "[g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." A motion for reconsideration "does not afford parties an opportunity to reargue their case." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). I find that even if the motion were properly raised, Plaintiff has failed to allege any viable grounds for granting the motion; thus, any motion for reconsideration is denied.

As to the objections to the amount sought in the bill of costs, I find that Plaintiff has raised some issues that deserve attention. As to attorney fee rates, "[t]he primary concern [] is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geter v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). A reasonable hourly rate is one that is in accord with "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886 (1984). The prevailing rate is guided by the "rate at which lawyers of comparable skill and experience can expect

to command within the venue of the court of record[.]" *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).

Defense counsel submitted a bill of costs for $9,495.00 total. (ECF No. 23.) Counsel submitted attorney billing entries, a declaration and the State of Michigan 2023 Economics of Law Survey results. (ECF 23, Exs A-D.) Counsel billed his hours at a rate of $450 per hour. (ECF No. 23, PageID.125-32.) The attached survey results indicate that the mean rate for attorneys in like position to defense counsel in this case, i.e., equity partners/shareholders is $413 per hour and the mean rate for attorneys in practice for 26 to 30 years is $375 per hour. (ECF No. 23, PageID.142-43.) The mean rate for civil litigation is $351 per hour, for corporate and business law $380 per hour, and for employment law (defense) is $354 per hour. (ECF No. 23, PageID.145.) The mean rate for lawyers in Bay County is $247 per hour, with those in the 75th percentile making an average of $300 per hour. (ECF No. 23, PageID.146.)

Plaintiff cites the same survey and contends that a rate of $200 per hour has been approved by the Sixth Circuit in a 2005 case and that the mean hourly rate for Bay County ($247 per hour) would be a more appropriate rate for this locality. (ECF No. 24, PageID.157-58.) Plaintiff also contends that the hours recorded are inflated and that the work listed would not require such a lengthy time to prepare. (ECF No. 24, PageID.158-59.)

As to the number of hours spent on work related to the relevant motion, the Court finds the a few of the times listed do appear to be a bit longer than expected, especially considering defense counsel's years of experience. Counsel charged 21.1 hours at the rate of $450 per hour. (ECF No. 23, PageID.135.) For instance, 3.4 hours to work on the list of resolved and unresolved issues appears to be overstated, most lawyers would not take more than two hours in a rather simple case such as this one. (ECF No. 23, PageID.130.) In addition, reviewing and preparing electronic mail should generally not take more than one-half hour in any case, let alone in a straightforward case such as this one. If the Court makes these changes, the total hours would be 18.9 rather than 21.1.

As to the hourly rate, the Court finds that the $450 rate may well be the market rate for an attorney in defense counsel's shoes in the more urban area where he generally practices. However, in the relevant market where this divisional office sits, the prevailing rate for lawyers is, on average, is $247 per hour and lawyers in the 75th percentile generally charge $300 per hour. Honoring defense counsel's credentials, the Court finds that a rate of $300 per hour is appropriate and sufficient to compensate counsel. Therefore, using $300 per hour rate times 18.9 hours, the Court finds the appropriate costs to be $5,670.

Accordingly, I find that Defendant's bill of costs should be reduced but that **Plaintiff must pay $5, 670 to Defendant on or before November 13, 2024.**

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72,

and E.D. Mich. LR 72.1(d).

Date:  October 29, 2024                              s/ PATRICIA T. MORRIS
                                                     Patricia T. Morris
                                                     United States Magistrate Judge